IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **TIMOTHY PRESTON ELDER,** | ) | CASE NO. 7:13CV00500 |
| | ) | |
| Petitioner, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| **HAROLD W. CLARKE,** | ) | By: Michael F. Urbanski |
| | ) | United States District Judge |
| Respondent. | ) | |

The petitioner, a Virginia inmate proceeding pro se, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of his confinement on his 2005 Roanoke City Circuit Court convictions for forcible sodomy and aggravated sexual assault. After review of the record, the court concludes that although the petition was not timely filed under § 2244(d), statutory tolling under 28 U.S.C. § 2244(d)(1)(D) and equitable tolling are warranted as to his claim that his attorney provided ineffective assistance during belated appeal proceedings ("Claim 1"); the petitioner has shown cause and prejudice for his procedural default of Claim 1; and he is entitled to file a belated petition for appeal from the criminal judgment. In light of these conclusions, the court will deny the respondent's motion to dismiss, grant relief under § 2254 as to Claim 1 to the limited extent of ordering that the petitioner be allowed to file a belated petition for appeal from the criminal judgment, and dismiss the petitioner's remaining habeas claims without prejudice.

I

Timothy Preston Elder ("Elder") pleaded guilty in the Roanoke City Circuit Court to two counts forcibly sodomizing a boy under the age of thirteen and two counts of aggravated sexual battery of the same victim. (Case Nos. CR04001632 and CR5000081). At sentencing, the trial

judge departed upward from the advisory state sentencing guidelines and sentenced Elder to forty years in prison, consisting of consecutive ten-year terms on each of three counts and to a consecutive life sentence on the fourth count, suspended after Elder has served ten years on that count.[1] The Court entered judgment on May 10, 2005. Trial counsel moved unsuccessfully for reconsideration of the sentence. No appeal was filed.

Elder and his wife ("Mrs. Elder") retained Attorney Paul Dull ("Dull") in early 2006 to file a petition for a writ of habeas corpus on Elder's behalf and a belated criminal appeal, if the circuit court granted one.[2] Dull filed a timely petition for a writ of habeas corpus on Elder's behalf in the Roanoke City Circuit Court in May 2006, alleging that Elder's trial attorney had provided ineffective assistance in various respects, including failure to file a notice of appeal after Elder asked her to do so (Claim 1). (Case No. CL06000886-00.) The respondent's motion to dismiss remained pending for four years. During this period, Dull allegedly did not correspond much with Elder and often would not reply to emails or calls from Mrs. Elder.

---

[1] The advisory Virginia sentencing guidelines for the forcible sodomy count in CR04001632 suggested a custody range of between 7 years 2 months and 15 years 5 months in prison, , but the judge departed substantially upward to sentence Elder to an active sentence of 40 years in prison. The judge stated in writing the reasons for the length of the sentence:

> This is a horrendous case of repeated sexual abuse of a 4-5-6 y[ear] old child, which [Elder] videotaped (so the tapes could be shown as evidence). The psychological report prepared for [Elder] concludes, *inter alia*, that he lacks insight [and] empathy, has little awareness of how his behavior affects others, his rate of thought processing may be slowed to the point of social inefficiency, "this man needs external restraints to deter maladaptive behavior," [and] he "appears to lack knowledge of normal societal conventions." The doctor opined that [Elder] engaged, in that case, in repetitive compulsive behavior, in a "cycle that repeats itself" when [Elder] is under stress. In this case, incapacitation of the offender is the major factor in sentencing. Retribution or punishment for this action is also a significant factor, as is general deterrence. (Deterrence of the individual is accomplished in this case by incapacitation.) The child who was the victim of these offenses was entrusted by his mother to [Elder], which magnifies the horror of [Elder]'s conduct. [Elder] on the stand evidenced the ability to say "I know what I did was wrong," but evidenced no genuine understanding of what he has done. Society must protect young children, and sentencing [Elder] within the Guidelines would not fulfill that societal duty.

(CR04001632, Sentencing Order 4, May 10, 2005.)

[2] The details about the Elders' interactions with Dull, alleged in the § 2254 petition and his response to the motion to dismiss (ECF No. 22), are stated here in the light most favorable to Elder, since the respondent has offered no contradictory evidence and states that no evidentiary hearing is necessary.

The parties had stipulated that the Court could decide the case based on the affidavit of the trial attorney. The Court declined to do so, however, and conducted an evidentiary hearing on August 26, 2010, on Claim 1. The Court ruled on June 7, 2011, that Elder had established his entitlement to a belated appeal from his 2005 criminal judgment and entered an order directing counsel for the respondent to move the Court of Appeals for a belated appeal. In a separate opinion and order dated June 7, 2011, the Court dismissed Elder's remaining habeas claims with prejudice, based on the Court's finding that he had failed to establish any ground for relief. Elder did not appeal the dismissal of these habeas claims.

The Court of Appeals of Virginia, by order entered July 12, 2011, granted Elder a belated appeal. (Record No. 1611-11-3.) This order states that "all computations of time as required by the Rules of Court and applicable statutes" would commence on that date. Dull timely filed a notice of appeal in which he referred to himself as Elder's retained counsel. On November 14, 2011, Dull moved for and was granted an extension of time until November 24, 2011 to file Elder's petition for appeal. Dull never filed the petition for appeal. Consequently, by order dated December 8, 2011, the Court of Appeals of Virginia dismissed Elder's appeal for failure to file the petition for appeal within the prescribed time. The state court records do not indicate that Dull, at any time, moved to withdraw as Elder's counsel of record. Although Dull remained counsel of record for Elder at the time the appeal was dismissed, Elder states that Dull did not notify him in a timely manner of that dismissal.

Elder states that he wrote to Dull to inquire about the appeal, but received no response, and that Mrs. Elder, too, tried several times to contact Dull. She told Elder that if Dull responded to her at all, "it usually was a conversation about needing more funds." (Response 7, ECF No.

22.)  Elder does not document the dates on which he and Mrs. Elder attempted to contact Dull about the appeal.

In March 2012, Dull emailed Mrs. Elder, saying that he no longer represented Elder and that the appeal had been denied.  Elder filed a bar complaint against Dull in April 2012 with the Virginia State Bar ("VSB").[3]  Elder also wrote to Dull, and his sister called the attorney repeatedly in May 2012, asking for Dull's file on Elder's case, but they received no response.  Elder finally received his file from Dull in late September 2012.  Elder asserts that only then, in reviewing items in the file, did he discover the Court of Appeals of Virginia order stating that the belated appeal was dismissed because Dull never filed the petition for appeal.

Based on this new information, in October 2012, Elder filed a second complaint against Dull with the VSB.  After investigation of Elder's complaint and complaints from several other clients, the VSB issued a public reprimand against Dull in June 2014.  The reprimand includes the following stipulations of fact, relevant to Elder's current claim:

> Elder's trial attorney did not file an appeal [of Elder's 2005 criminal judgment] barring Elder's ability to appeal his conviction.  Elder's wife hired [Dull] to file a habeas corpus petition to seek a delayed appeal [and made] an initial payment of $2,500.00 to perform the work. . . . [Dull] successfully obtained the relief of a delayed appeal [but] never filed the appeal.  Elder's wife alleges that after the trial court granted the delayed appeal, [Dull] stopped communicating with her.  [Dull] stated that he did not file the appeal because of alleged non-payment by Elder.

(VSB Doc. 3, ECF No. 27) (paragraph numbers omitted.)[4]

On April 30, 2013, Elder signed and dated a pro se petition for a writ of habeas corpus in the Supreme Court of Virginia, received by the court on May 2, 2013.  Elder's sole claim alleged that Dull's failure to file the petition for appeal was ineffective assistance warranting a second

---

[3] The record before the court does not include the contents of this bar complaint or its disposition, and such matters are generally confidential under VSB rules unless the VSB issues a public censure against the attorney.

[4] The court will grant Elder's pending motion (ECF No. 27) to add to the record in this case the attached documentation of the VSB reprimand.

belated appeal. (Record No. 130729.) That Court dismissed the petition on June 14, 2013, finding that it was time barred. *See* Va. Code Ann. § 8.01-654(A)(2). Elder also filed a motion in the Supreme Court of Virginia on July 9, 2013, requesting a second belated appeal. The Court denied this motion by order dated August 1, 2013.

Elder signed and dated his pro se federal habeas petition on October 15, 2013, and states under penalty of perjury that he placed the petition in the prison mailing system on that date. As his grounds for relief, Elder states that, based on the facts the court has just summarized, his trial counsel, as well as his "retained" counsel (Dull), had provided ineffective assistance. Elder does not clearly state the particular claims that he intends to pursue regarding alleged ineffectiveness by either of his attorneys. Liberally construing his pleadings, however, the court will presume that Elder raises here the same claims he raised about his trial attorney in his first state habeas petition, absent the claims regarding her ineffectiveness related to Elder's right to appeal. The court will also presume that Elder claims that Dull provided ineffective assistance during the belated appeal proceedings.

The respondent has filed a motion to dismiss, arguing that Elder's claims are untimely filed under 28 U.S.C. § 2244(d), are procedurally barred from federal habeas review, and are without merit. Elder has responded to the motion, making the matter ripe for disposition.

## II

Habeas petitions filed under § 2254 are subject to a one-year period of limitation. 28 U.S.C. § 2244(d)(1). Generally, this period begins to run from the date on which the judgment of conviction becomes final when the availability of direct review is exhausted. See 28 U.S.C.

§ 2244(d)(1)(A).[5]  Under 28 U.S.C. § 2244(d)(2), the one-year filing period is tolled while an inmate's "properly filed application for State post-conviction or other collateral review" is pending.

A. Time Barred under § 2244(d)(1)(A)

Elder's judgment of conviction became final under § 2244(d)(1)(A) after the Court of Appeals of Virginia dismissed his belated appeal on December 8, 2011 as incomplete.  The respondent asserts that at that point, Elder had thirty days to appeal that ruling to the Supreme Court of Virginia.  Va. Sup. Ct. R. 5:14.  That period expired on January 9, 2012, the last day when Elder could have appealed.  Thus, the judgment became final, and Elder's one-year period to file a federal habeas began to run, on January 9, 2012.  The one-year filing period ended on January 8, 2013.  Because Elder filed his second state habeas petition on May 2, 2013, after the expiration of his federal filing period, the pendency of the state petition did not toll the federal period under § 2244(d)(2).  Elder filed his federal petition, at the earliest, on October 15, 2013, nine months late.  His petition is, therefore, untimely under § 2244(d)(1)(A).  Elder does not allege any ground for tolling of the federal filing period under § 2244(d)(1)(B) based on removal

---

[5] Under § 2244(d)(1), the one-year period of limitation for filing a <u>habeas</u> petition under § 2254 begins to run on the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

of a state-created impediment, or under § 2244(d)(1)(C) based on a right newly recognized by the Supreme Court.

    B.  Statutory Tolling under § 2244(d)(1)(D)

Elder argues that his federal filing period should be calculated under § 2244(d)(1)D), based on the date when he first discovered the reason for the dismissal of his belated appeal. Given the unique circumstances of this case, the court so finds.

Under § 2244(d)(1)(D), the one-year limitation period commences on "the date on which the factual predicate of the claim . . . could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The phrase "due diligence does not require the maximum feasible diligence, but it does require reasonable diligence in the circumstances." Schlueter v. Varner, 384 F.3d 69, 74 (3d Cir. 2004) (quotations and citations omitted). For example, the court must determine "when a duly diligent person in [Elder's] circumstances would have discovered that no appeal had been filed." Wims v. United States, 225 F.3d 186, 190 (2d Cir. 2000). Reasonable diligence in Elder's context did not require him to scrutinize the appellate docket on the last date for filing the appeal petition to ensure that Dull fulfilled his obligation to file a petition. Wims, 225 F.3d at 190 (citing Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) ("[A] defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice.")). Due diligence does require the would-be habeas petitioner, however, to make reasonable efforts to learn the status of his appeal and the facts about counsel's actions.[6] See, e.g., id. at 191 (finding that five-month wait after last day to appeal before starting inquiry

---

[6] The petitioner cannot wait months and years to investigate the facts surrounding his appeal for possible ineffective assistance claims. See, e.g., Shelton v. Ray, No. 7:050CV00271, 2005 WL 1703099, at *2 (W.D. Va July 20, 2005) (finding petitioner had not shown reasonable diligence under § 2244(d)(1)(D), where he waited until 2004 to file habeas claim that trial attorney failed to appeal his 1989 conviction and alleged no effort to contact the attorney).

on status of appeal was not clearly unreasonable diligence). Determining the § 2244(d)(1)(D) date of first possible discovery is a fact-specific inquiry. Id. at 190.

The court concludes that Elder acted with reasonable diligence to discover the facts necessary for his claim that Dull failed to file the appeal petition. Elder and his wife had trouble communicating with Dull during the appeal period, which started in July 2011. The appeal petition was not due until November 24, 2011, and could be reasonably expected to pend for at least a few months once it was filed. Accordingly, the court cannot find that reasonable diligence required the Elders to investigate the status of the belated appeal before they learned from Dull's March 2012 email that the appeal had been denied.

Moreover, simply knowing in March 2012 that the Court of Appeals had denied his appeal did not necessarily prompt Elder to suspect that the case had been dismissed because Dull had failed to file the petition for appeal. Of course, by the time of Dull's email in March, 2012, the thirty days to appeal to the Supreme Court of Virginia had elapsed. Moreover, since Dull's email said he was no longer representing Elder, it was reasonable for Elder to believe that he would be personally responsible for any future legal action in the case and would need the documents from the attorney's case file. Elder filed his first bar complaint against Dull in April 2012, and his evidence indicates that he, his wife, and his sister tried repeatedly, by mail and by telephone, to contact Dull and ask him to send the case file. Dull allegedly did not comply with this request until September 2012. The VSB report on Elder's bar complaint includes stipulations of fact that Dull violated his ethical obligations to Elder in numerous ways, including alleged failure to communicate with his client's wife and with the VSB investigators assigned to Elder's case. Based on this record, the court concludes that Elder's actions between March and September 2012 were not unreasonable diligence.

Accordingly, the court finds that September 2012 is the earliest point in time when the "factual predicate" of Elder's claim of ineffective assistance on the belated appeal "could have been discovered through the exercise of due diligence" as required to calculate Elder's federal habeas filing period under § 2244(d)(1)(D). Thus, starting in September 2012, Elder had one year to file a timely § 2254 petition.

Well within that one-year period, in May 2013, Elder filed his state habeas corpus petition in the Supreme Court of Virginia, arguing that Dull's ineffectiveness deprived him of his right to appeal. The Supreme Court of Virginia dismissed Elder's petition on June 14, 2013, as untimely filed. Because the Court dismissed Elder's petition as untimely filed under state law, his petition was not "properly filed" for purposes of statutory tolling under § 2244(d)(2). See Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005). Therefore, the time when the state petition was pending—May 2 to June 14, 2013—did not toll the federal habeas filing period under § 2244(d)(2). Id. Elder filed his federal habeas petition on October 15, 2013,[7] two weeks to a month outside the one-year filing period under § 2244(d)(1)(D). The court concludes, however, that under the facts in Elder's case as a whole, this final brief period of the federal filing period (September 2013 until October 15, 2013) must be tolled for equitable reasons.

C. Equitable tolling

Equitable tolling of the federal habeas filing period is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quotation marks omitted). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1)

---

[7] Pursuant to Rule 3(d) of the Rules Governing 2254 Cases, a prisoner's pleading is considered filed on the day when he deposited it in the prison's internal mailing system.

that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). This two-part standard must not be so rigidly applied as to defeat the purposes of the court's equity powers, however.

> The "flexibility" inherent in "equitable procedure" enables courts "to meet new situations [that] demand equitable intervention, and to accord all the relief necessary to correct . . . particular injustices.". . . [C]ourts of equity . . . exercise judgment in light of prior precedent, but with awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case.

Holland v. Florida, 560 U.S. 631, 650 (2010).

Elder believed that his state petition was timely filed under the Virginia habeas statute, which reads:

> A petition for writ of habeas corpus ad subjiciendum, other than a petition challenging a criminal conviction or sentence, shall be brought within one year after the cause of action accrues. A habeas corpus petition attacking a criminal conviction or sentence, except as provided in § 8.01-654.1 for cases in which a death sentence has been imposed, shall be filed within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later.

Va. Code Ann. § 8.01-654(A)(2). Elder argues that under the language of the Court of Appeals order that granted him the belated appeal, Record No. 1611-11-3, the time computations in his case, including his time to file a habeas petition challenging his conviction, commenced on the order date—July 12, 2011. Because Dull failed to file Elder's belated appeal petition, Elder argues that he had two years from July 12, 2011, to file a timely state habeas petition. In the alternative, he argues, he had one year from September 2012, the date his claim accrued concerning Dull's failure to file the belated appeal.

As stated, the Supreme Court of Virginia dismissed Elder's petition as untimely under § 8.01-654(A)(2). Apparently, the Court interpreted the statute as giving Elder one year from the

time when his belated appeal was dismissed for lack of an appeal petition—in November 2011. Generally, a petitioner's pro se status and ignorance of the law does not justify equitable tolling. See, e.g., United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). An attorney's misconduct that goes beyond the "garden variety claim of excusable neglect" can satisfy the "extraordinary circumstances" requirement, however. Holland, 560 U.S. at 651-51 (quoting Irwin v. De't of Veterans, 498 U.S. 89, 96 (1990)). For example, the attorney's failure to "provide reasonably competent legal work, to communicate with [a] client[s], to implement [a] client['s] reasonable requests, [or] to keep [a] client[ ] informed of key developments in [his] case[ ]," or the attorney's abandonment of his client—all are types of misconduct that might qualify as extraordinary circumstances under Holland. Id. at 652-53.

In Elder's case, Dull's professional misconduct as recognized by the VSB itself, prevented Elder from discovering with due diligence the factual predicate of his claim against Dull until shortly before his time to file a state habeas petition expired. Moreover, Dull's abandonment of Elder as his client left Elder to face, among other legal hurdles, the daunting task of deciphering state habeas timelines, pro se. The court finds that the attorney's misconduct and abandonment of his client, combined with Elder's reasonable diligence under the circumstances, provide sufficient grounds to equitably toll the federal filing period. Therefore, the court will deny the respondent's motion to dismiss Elder's § 2254 claims as time barred under § 2244(d).

D.  Procedural Default

The respondent also argues that this court is procedurally barred from review of Elder's habeas claims on the merits, because the Supreme Court of Virginia dismissed his state petition as untimely filed. The court agrees that the claims are procedurally defaulted, but finds that

Elder has shown both cause and resulting prejudice to allow consideration of Claim 1, alleging that constitutionally ineffective assistance of counsel deprived him of his right to appeal.

"If a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998) (citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991)). A federal court may not review the merits of a procedurally defaulted claim absent a showing of a fundamental miscarriage of justice or cause and prejudice. Martinez v. Ryan, 132 S. Ct. 1309, 1316 (2012). Ineffective counsel or the absence of counsel during initial review collateral proceedings can qualify as cause for the default of a substantial ineffective assistance claim that can first be raised during those proceedings. Id. at 1317-18. A substantial claim is one that has some merit. Id. at 1318. The rationale for the Martinez exception to default is that

> [a]llowing a federal habeas court to hear a claim of ineffective assistance of trial counsel when an attorney's errors (or the absence of an attorney) caused a procedural default in an initial-review collateral proceeding acknowledges, as an equitable matter, that the initial-review collateral proceeding, if undertaken without counsel or with ineffective counsel, may not have been sufficient to ensure that proper consideration was given to a substantial claim.

132 S. Ct. at 1318. Without counsel during the initial collateral proceeding, "[t]he prisoner, unlearned in the law, may not comply with the State's procedural rules or may misapprehend the substantive details of federal constitutional law." Id. at 1317.

Elder has a substantial defaulted claim: Claim 1, based on Dull's failure to perfect the belated appeal. It is indisputable that such conduct is per se ineffective assistance of counsel. Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (noting that counsel's failure to follow defendant's instructions to file appeal "cannot be considered a strategic decision"). There is no reasonable strategic basis for abandoning a direct appeal that the client wishes to pursue, and the

resulting prejudice to the client is presumed—through the loss of his statutory right to appeal—whether or not his potential claims on appeal have merit. Id. at 477, 483; Evitts v. Lucey, 469 U.S. 387, 394 (1985) ("the attorney must be available to assist in preparing and submitting a brief to the appellate court, and must play the role of an active advocate") (internal citation omitted); Rodriquez v. United States, 395 U.S. 327, 329-30 (1969) (where ineffective counsel deprived defendant of his statutory right to appeal, defendant entitled to new appeal without first showing likelihood of success on appeal). Under this precedent, it is almost without doubt that timely presentation of this claim to the state habeas court would have resulted in a second, belated appeal for Elder. Thus, Claim 1 qualifies as a substantial one for purposes of Martinez. 132 S. Ct. at 1318.

Elder's first opportunity to raise this ineffective assistance claim was the habeas petition to the Supreme Court of Virginia. See Johnson v. Commonwealth, 529 S.E.2d 769, 781 (2000) (finding Virginia prisoners must bring ineffective assistance claims in state collateral proceedings). Neither Dull nor any other attorney represented Elder in this initial collateral review proceeding after the belated appeal attempt. Elder's pro se status caused him to misunderstand the timelines in § 8.01-654(A)(2) and to suffer the dismissal of his claim for procedural reasons. Moreover, Dull's unprofessional conduct after the dismissal of the belated appeal—from his failure to inform Elder of the dismissal and the reasons for it, to his lengthy delay in sending Elder the file—contributed to Elder's failure to bring a timely claim about Dull's ineffectiveness. If these factors during Elder's "initial-review collateral proceeding [on this claim] do not establish cause to excuse the procedural default in a federal habeas proceeding, no court will review" Elder's substantial constitutional claim, which is the very injustice

Martinez seeks to eliminate. 132 S. Ct. at 1316. For these reasons, the court concludes that Elder has shown cause under the Martinez exception for his default of Claim 1. Id. at 1317-18.

Elder has shown not only cause for the default of his ineffective assistance claim regarding the belated appeal, but also actual prejudice from this alleged violation of federal law. Id. at 1316. When a petitioner proves that an attorney of record failed to perfect a direct appeal that his client wanted to pursue, as Elder claims, prejudice is presumed because the attorney's ineffectiveness results in the forfeiture of the petitioner's statutory right to appeal. Flores-Ortega, 528 U.S. at 483; United States v. Poindexter, 492 F.3d 263, 273 (4th Cir. 2007). The remedy for this deprivation is a renewed opportunity for the petitioner to pursue the criminal appeal of which the attorney's conduct deprived him. Poindexter, 492 F.3d at 273.

Because Dull's actions deprived Elder of his constitutional right to effective counsel during the belated appeal, he suffered actual prejudice—the forfeiture of that appeal. Based on the finding that Elder has demonstrated both cause for his default of Claim 1 and prejudice from the constitutional violation asserted, the court will deny the motion to dismiss Elder's habeas claims as procedurally defaulted.

D. Habeas Corpus Relief

Finally, the court concludes that Elder has not only overcome the procedural bars raised in the motion to dismiss, but he has clearly demonstrated that he was deprived of the effective assistance of counsel during his belated appeal, in violation of his constitutional right to counsel. Flores-Ortega, 528 U.S. at 477, 483. Thus, Elder is entitled to relief under § 2254. Only the question of the appropriate remedy remains. Congress has directed federal courts to dispose of habeas petitions "as law and justice require." 28 U.S.C. § 2243. The habeas corpus remedy must be appropriate to the Sixth Amendment violation, and the state courts must be given an

opportunity to remedy errors that occurred at the state level. See, e.g., Hilton v. Braunskill, 481 U.S. 770, 775 (1987); Waller v. Georgia, 467 U.S. 39, 50 (1984). On the other hand, the remedy must be effective to spur the state courts to promptly remedy the constitutional violation. See, e.g., Lewis v. Johnson, 359 F.3d 646, 662 (3d Cir. 2004) (directing district court to issue a writ of habeas corpus conditioned upon reinstatement of petitioner's right of first appeal in state court within 45 days from entry of the district court's order granting the petition).

Accordingly, the court finds that Elder is entitled to habeas corpus relief under § 2254 to restore him to the position he held before counsel's ineffective assistance—as a convicted defendant with an opportunity to pursue a belated direct appeal. To this end, the court grant the petition to the limited extent of ordering that Elder be allowed to file a belated petition for appeal within the Court of Appeals of Virginia within sixty (60) days of the entry of the attached Order. In so doing, the court makes no judgment as to the ultimate merits of such an appeal. That is for the Virginia appellate courts to decide. The court simply concludes that Elder was deprived of his right to appeal by his counsel's failure to file a petition for appeal and counsel's failure to communicate with Elder and his family. Because Elder has established that ineffective assistance of counsel prevented him from pursuing his appeal, the court concludes that he should now be given that opportunity. As such, the court dismisses, without prejudice, all of Elder's other grounds of relief claimed in his habeas petition. An appropriate Order will issue this day.

The Clerk is directed to send copies of this Memorandum Opinion and accompanying Order to the parties.

Entered: September 8, 2014

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge